UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **DAVID MICHAEL JONES,** | |
| **Plaintiff,** | |
| v. | No. 3:24 CV 338 |
| **WARDEN,** *et al.*, | |
| **Defendants.** | |

## OPINION and ORDER

David Michael Jones, a prisoner without a lawyer, filed a complaint against twelve defendants alleging they failed to protect him from being assaulted and denied him medical treatment following the assault. (DE # 2.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On May 3, 2023, Jones, who is wheelchair bound, was housed at the Miami Correctional Facility ("MCF") on safe keeper status from the Madison County Jail. (DE # 2 at 2.) He was housed in cell 347 in I-Cellhouse with another inmate. (*Id.*) At some point, Jones' cellmate began beating on the cell door and Lt. Lucky came to the door. (*Id.*) The cellmate told Lt. Lucky that Jones had assaulted him. (*Id.* at 2-3.) Lt. Lucky told

Jones' cellmate that he did not look like he had been assaulted. (*Id*. at 3.) Jones then told Lt. Lucky that his cellmate had assaulted him. (*Id*. at 3, 6.) Lt. Lucky instructed Jones and his cellmate to stop beating on the cell door and then walked away even though he knew that Jones and his cellmate were assaulting each other. (*Id*.) As soon as Lt. Lucky walked away from the cell, Jones' cellmate stabbed Jones. (*Id.* at 6.) Following the assault, Jones and his cellmate were housed in segregation for thirty days, but they were not given conduct reports. (*Id*. at 3.)

Because Jones is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation and internal quotation marks omitted). However, the "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation and internal quotation marks omitted). This encompasses a right to be protected "from physical harm inflicted by others in the institution." *Kemp v. Fulton County*, 27 F.4th 491, 494 (7th Cir. 2022). As outlined by the Seventh Circuit:

> [T]o state a viable failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee must allege: (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

2

*Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). The third element "requires an allegation that a specific defendant was on notice of a serious risk of harm to the detainee." *Id.* (citation and internal quotation marks omitted). "Put another way, it must be plausibly alleged that a reasonable officer in a defendant's circumstances would have appreciated the high degree of risk the detainee was facing." *Id.* In determining whether an action was reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (citation omitted). Giving Jones the inferences to which he is entitled at this stage, he has plausibly alleged that Lt. Lucky put him at substantial risk of harm when he walked away from Jones' cell knowing Jones and his cellmate were assaulting each other. Jones has stated a failure to protect claim against Lt. Lucky under the Fourteenth Amendment.

Jones further asserts that the Warden and Classification staff failed to protect him when they placed him in a cell with an inmate who was not wheelchair bound. (DE # 2 at 8-9.) To the extent that housing an inmate in a wheelchair with an inmate who is not in a wheelchair could implicate constitutional concerns, Jones cannot proceed against the Warden because to be held liable under 42 U.S.C. § 1983, a defendant must have personal involvement in the alleged constitutional violation. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). Because Jones does not allege that the

3

Warden was personally involved in decisions regarding his housing, he may not proceed against him.

To the extent Jones has also sued the Classification staff, other than listing Classification as a defendant, he does not list individual names of the Classification staff. He has not stated any plausible claims against the Classification staff as a whole. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). He may not proceed against this defendant.

After the assault on May 3, 2023, Jones told Officer Rodregious, Officer McKibben, and Lt. Lucky that he needed medical treatment because his cellmate had stabbed him. (DE # 2 at 3.) Nurse Kate saw him later that day at his cell and told him to fill out a healthcare request form. (*Id*. at 4.) On May 4, 2023, Nurse Felicia also saw Jones at his cell and told him to fill out a healthcare request form. (*Id*.) Jones asserts he told both nurses he needed medical treatment when Officer Rodregious and Officer McKibben were present. (*Id*.) The two officers also told him to fill out a healthcare request form. (*Id*.) Dr. Chad Cripe later saw Jones at his cell and told him to fill out a healthcare request form. (*Id*.) Jones states he filled out several healthcare request forms, but medical staff did not see him until May 18, 2023. (*Id*.) Jones filed a grievance on July 18, 2023, about the delay in receiving treatment for his stab wounds. (*Id*. at 10-11.)

4

However, Nurse L. Ivers reported he had not filled out any healthcare request forms or requested treatment for his stab wounds, even though he had done so. (*Id*. at 4, 10-11.) Here, Jones avers that these defendants did not provide him with appropriate medical care because he did not receive treatment for his stab wounds for eighteen days. (*Id*.)

Pre-trial detainees are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54. Here, giving Jones the inferences to which he is entitled at this stage, he has plausibly alleged Fourteenth Amendment claims against Officer Rodregious, Officer McKibben, Lt. Lucky, Dr. Cripe, Nurse Kate, Nurse Felicia, and Nurse Ivers for failing to provide him with objectively reasonable medical care following the May 3, 2023, assault.

5

Furthermore, Jones asserts that the Warden, Deputy Warden Bennett, Lt. Lucky, and the Classification staff were deliberately indifferent to his health and safety because they placed him in general population when he was on safe keeper status. (DE # 2 at 5.) He asserts that they violated Indiana's safe keeper law, which permits a court to transfer an inmate from a county jail to an Indiana Department of Correction ("IDOC") facility, if the inmate is in imminent danger of serious bodily injury or death, or if the inmate represents a substantial threat to the safety of others. *See* Ind. Code § 35-33-11-1. Thus, Jones asserts that an unfair policy was created which placed inmates on safe keeper status with convicted felons in general population.

To the extent Jones is asserting that his Fourteenth Amendment rights were violated because he was housed in general population, the Constitution does not create a due process liberty interest in avoiding transfer within a correctional facility. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Instead, an inmate will be entitled to due process protections only when they endure more restrictive conditions that pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Being housed in general population in an IDOC facility does not pose an atypical hardship, and he therefore cannot proceed on a due process claim based on his placement.

As a final matter, to the extent he has sued officers and nurses, he does not list the names of the officers and nurses he is suing. He has not stated any plausible claims against the officers and nurses as a whole. *See Brooks*, 578 F.3d at 580 *see also Henderson*, 2021 WL 5102915, at *1. Jones may not proceed against the officers and nurses.

6

Jones has also filed two motions asking the court to screen his complaint. (DE ## 36, 37.) Because the court has now screened his complaint, the motions will be denied as moot.

For these reasons, the court:

(1) **DENIES AS MOOT** the motions to screen complaint (DE ## 36, 37);

(2) **GRANTS** David Michael Jones leave to proceed against Lt. Lucky in his individual capacity for compensatory and punitive damages for putting him at substantial risk of harm when he walked away from Jones' cell knowing Jones and his cellmate were assaulting each other on May 3, 2023, in violation of the Fourteenth Amendment;

(3) **GRANTS** David Michael Jones leave to proceed against Officer Rodregious, Officer McKibben, Lt. Lucky, Dr. Chad Cripe, Nurse Kate, Nurse Felicia, and Nurse Ivers in their individual capacities for compensatory and punitive damages for failing to provide him with objectively reasonable medical care following the May 3, 2023, assault, in violation of the Fourteenth Amendment;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** Warden, Deputy Warden Bennett, Officers, Nurses, and Classification;

(6) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Rodregious, Officer McKibben, and Lt. Lucky at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 2);

(7) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Chad Cripe, Nurse Kate, Nurse Felicia, and Nurse Ivers at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (DE # 2);

(8) **ORDERS** the Indiana Department of Correction and Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service, if they possess such information; and

(9) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Officer Rodregious, Officer McKibben, Lt. Lucky, Dr. Chad Cripe, Nurse Kate, Nurse Felicia, and Nurse Ivers to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: August 14, 2025

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT