**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

**DAVID MICHAEL JONES,**

   **Plaintiff,**

   **v.**           **No. 3:24 CV 338**

**RODREGIOUS,** *et al.*,

   **Defendants.**

**<u>OPINION and ORDER</u>**

David Michael Jones, a prisoner without a lawyer, is proceeding in this case on

two claims: (1) against Lieutenant Luckey "in his individual capacity for compensatory

and punitive damages for putting him at substantial risk of harm when he walked away

from Jones' cell knowing Jones and his cellmate were assaulting each other on May 3,

2023, in violation of the Fourteenth Amendment;" and (2) against Officer Rodriquez,

Officer McKibben, Lt. Luckey, Dr. Chad Cripe, Nurse Kate, Nurse Felicia, and Nurse

Ivers "in their individual capacities for compensatory and punitive damages for failing

to provide him with objectively reasonable medical care following the May 3, 2023,

assault, in violation of the Fourteenth Amendment[.]" (DE # 38 at 7.) Officer Rodriquez,

Lt. Luckey, and Officer McKibben (the state defendants) filed a motion for summary

judgment, arguing Jones did not exhaust his available administrative remedies before

filing this lawsuit. (DE # 64.) Jones filed a response, and the state defendants filed a

reply. (DE ## 80, 82.) The state defendants' motion for summary judgment is now fully briefed and ripe for ruling.[1]

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an

---

[1] The medical defendants have not moved for summary judgment.

affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The parties provide evidence showing the following facts: At all relevant times, a grievance process was in place at Miami Correctional Facility which required an inmate to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. (DE # 69-1 at 1-2; DE # 69-2 at 3.) To complete the first step, "An offender wishing to submit a grievance shall submit a completed State Form 45471, 'Offender Grievance,' no later than ten (10) business days from the date of the incident giving rise to the

complaint or concern to the Offender Grievance Specialist." (DE # 39-2 at 9.) On May 10, 2023, Jones submitted Grievance 156364, complaining Lt. Luckey had failed to protect him from his cellmate on May 3rd. (DE # 69-3 at 7.) On August 14, 2023, the grievance office issued a receipt for Grievance 156364 and rejected the grievance as "Unprocessed" because it was "Received out of time." (*Id.* at 8.)

Here, the undisputed facts show the grievance office made Jones' administrative remedies unavailable by improperly rejecting Grievance 156364 as untimely. Specifically, Grievance 156364 complained of an incident that occurred on May 3, 2023. (DE # 69-3 at 7.) Jones asserts he submitted Grievance 156364 to the grievance office through the mail seven days later on May 10, 2023, and the state defendants do not dispute that fact. (DE # 80 at 5.) The grievance itself indicates Jones submitted it to the grievance office on May 10. (*See* DE # 69-3 at 7.) Because the Offender Grievance Process provides only that Jones needed to "submit" his grievance form to the grievance office within ten business days of the incident complained of, the fact that the grievance office did not *receive* the grievance until August 2023 was not a valid reason for rejecting the grievance. (*See* DE # 69-2 at 9.) By improperly rejecting Grievance 156364 as untimely, the grievance office made Jones' administrative remedies unavailable. *See Dole*, 438 F.3d at 809; *Jackson v. Esser*, 105 F.4th 948, 957 (7th Cir. 2024) ("If administrative remedies are genuinely unavailable or nonexistent because, for example, prison employees failed to respond to properly filed grievances, we consider the prisoner to have satisfied the exhaustion requirement"); *Ebmeyer v. Brock*, 11 F.4th 537, 542–43 (7th Cir. 2021)

(remedies are considered unavailable when prison staff cause an inmate to believe he cannot file a grievance when, in fact, he can).

Accordingly, because the facts construed in Jones' favor show the grievance office made his administrative remedies unavailable by improperly rejecting Grievance 156364, the state defendants have not met their burden to show Jones had available administrative remedies he did not exhaust before filing this lawsuit. The state defendants' motion for summary judgment (DE # 64) is therefore **DENIED**.

**SO ORDERED.**

Date: August 10, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT